# IN THE COURT OF APPEALS OF IOWA

No. 23-0724
Filed April 9, 2025

**STATE OF IOWA,**
      Plaintiff-Appellee,

**vs.**

**MELISSA RENEE PEDERSEN,**
      Defendant-Appellant.
_____

Appeal from the Iowa District Court for Page County, Margaret Reyes, Judge.

A defendant appeals her sentence for dependent adult abuse resulting in serious injury. **AFFIRMED.**

Brian Scott Munnelly, Omaha, Nebraska, for appellant.

Brenna Bird, Attorney General, and Katherine Wenman, Assistant Attorney General, for appellee.

Considered without oral argument by Greer, P.J., and Langholz and Sandy, JJ.

**LANGHOLZ, Judge.**

Melissa Pedersen's eighty-one-year-old husband was found dead in their home in June 2020. As she eventually admitted in her guilty plea, during the month prior to his death, she denied him critical care when he was unable to care for himself. She did not bathe him, change his dirty and urine-soaked bed linens, or give him adequate food or water. She let him "suffer bed sores" and his body to be "colonized by and eaten by maggots and cockroaches in an unsanitary and insect-infested house and bedroom." And she never called for medical assistance.

Pedersen was eventually charged with and pleaded guilty to dependent adult abuse recklessly resulting in serious injury. *See* Iowa Code § 235B.20(3) (2020).[1] At sentencing, the State asked the district court to impose the five-year maximum prison sentence because of the seriousness of the offense and Pedersen's prior conviction for dependent adult abuse by financial exploitation. Pedersen argued for probation. During her allocution to the court, she explained that while now she realizes she "should have basically done something," she thought she was granting her "husband's wishes . . . to die at home" and "would have been fighting his wishes" if she let him be taken to the hospital or nursing home. And she worried that if she were sentenced to prison she might "end up dying in there" because of her many health issues. Pedersen was fifty-three at the time of sentencing. Her attorney also argued that the court should find it mitigating that Pedersen "grew up with an abusive and alcoholic father, which it sounds like

---

[1] Effective July 1, 2022—while this case was pending in the district court—this statute was repealed and reenacted in substantially similar form as Iowa Code section 726.26(4). *See* 2022 Iowa Acts ch. 1132, §§ 6–7.

[her husband] was relatively abusive to her as well," and "maybe put her in a situation where she was less likely to want to help him."

The district court agreed with the State and imposed an indeterminate prison sentence not to exceed five years. And Pederson appeals, again arguing that the court should have imposed probation rather than a prison sentence. She points to her attorney's argument about her past abuse and contends that the court abused its discretion because "[t]he mitigating factors presented by the defense attorney called for [her] to be placed on probation."

"We presume that a sentence within the statutory limits is valid and to overturn it the defendant must show that the district court abused its discretion or relied on inappropriate factors." *State v. Gordon*, 998 N.W.2d 859, 862 (Iowa 2023). When reviewing for abuse of discretion, we do not "second guess the decision made by the district court" but rather must only decide "if it was unreasonable or based on untenable grounds." *Id.* at 863 (cleaned up). So it is not enough that the defendant merely disagrees with the court's weighing of the sentencing factors and the particular sentence selected. *See id.* ("The test for whether a sentencing court abused its discretion is not whether we might have weighed the various factors differently."); Iowa Code § 901.5.

The district court's rejection of Pedersen's mitigation argument was not unreasonable or based on untenable grounds. The court reasoned that it was outweighed by the nature of the offense:

> I don't doubt that maybe . . . Mr. Pedersen was a difficult person, but you're here because of your own actions and not his, and if he were unreasonable or unkind, you certainly had an ability to leave. I think as I've looked through the evidence, and it's horrific, I don't think that anyone that's come in contact with this case has not been affected

by the horrific nature of the evidence in the case, and so even if he wanted to die at home, I can guarantee you he didn't want to die at home like this . . . . I can understand your difficult background, and I am sorry for you for that. I can understand . . . the concerns you have for your physical health should you be ordered to prison. One thing I can tell you, Mrs. Pedersen, is that you will be better cared for than Mr. Pedersen, and even if you die in prison, you will not die as horrifically as Mr. Pedersen was allowed to die.

The court also summed up its consideration of the other sentencing factors:

I do believe there is a need for some mental health evaluation and counseling, and I do certainly hope that you are able to obtain that. Other than that, I don't sense a lot of remorse from you, and so that does play a very small part into my decision here today but, in general, it is the evidence that existed in this case, the nature [of the] offense, harm to the victim in this case, your need for some rehabilitation and the necessity to protect the community from any further offenses. I agree you're not the criminal of the century, but there are some offenses that are indeed horrific unto themselves and for that reason—those are the reasons I've chosen to sentence you now to five years of incarceration.

Seeing no abuse of discretion in the court's sentencing judgment here, we affirm

Pedersen's sentence.

**AFFIRMED.**